UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LESSIN, CAROL SMALLEY, et al., on behalf of themselves and others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; and Does 1 through 10, inclusive,<br><br>         Defendant. | Case No.: 19-cv-01082-AJB-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>**(Doc. No. 128, 134, 138)** |

  The parties have filed two motions to seal in connection with Plaintiffs' motion for class certification: (1) Defendant Ford Motor Company's ("Ford") February 6, 2024 motion to seal documents attached to Plaintiffs' December 1, 2023 Motion for Class Certification, (Doc. No. 128), and (2) Ford's February 22, 2024 motion to seal in connection with its opposition to Plaintiffs' class certification motion, (Doc. No. 134). Plaintiffs also filed a February 22, 2024 motion to seal in connection with its opposition to Ford's motion for summary judgment, (Doc. No. 138). The Court must apply a different standard in analyzing the Class Certification and Summary Judgment Motions to Seal and will therefore address them separately. Pursuant to Civil Local Rule 7.1.d.1, the Court finds

the instant matter suitable for determination on the papers and without oral argument. Accordingly, the Court **VACATES** the hearings related to these motions set for **June 6, 2024**. For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** the motions to seal.

## I.   BACKGROUND

Plaintiffs raise several claims against Ford for alleged latent defects, which cause abnormal and premature wearing and/or loosening of the suspension parts, resulting in "violent shaking," causing drivers to lose control of the Vehicles, and having difficulty steering during their operation under normal driving conditions or speeds. (*See* First Amended Consolidated Class Action Complaint, Doc. No. 44.)

On December 19, 2023, the parties entered into a protective order permitting the parties to designate as "CONFIDENTIAL" information that qualifies for protection under Federal Rule of Civil Procedure 26(c). (Doc. No. 79 at 2–3.) The protective order also permits the parties to designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents they, in good faith, believe contain trade secrets or other confidential research or information. (*Id.* at 3.)

## II.   LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its

decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Unless the denial of a motion for class certification would constitute the death knell of a case, "the vast majority of []courts within this circuit" treat motions for class certification as non-dispositive motions to which the "good cause" sealing standard applies. *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, *1 (citing *In re NCAA Student—Athlete Name and Likeness Licensing Litig.*, 2012 WL 6561088 (N.D. Cal. Sept. 14, 2012)).

Compelling reasons[1] for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Trade secrets "may consist of any formula, pattern, device or compilation of information which is used in one's

---

[1] In making the below ruling, the Court assumes that any document that meets the "compelling reasons" standard also meets the lower "good cause" standard under *Kamakana*.

business, and which gives him an opportunity to obtain advantage over competitions who do not know or use it." Restatement (First) of Torts § 757 cmt. b. Because trade secrets concern proprietary and sensitive business information not available to the public, sealing may be warranted where disclosure would harm a litigant's competitive standing. *Nixon*, 435 U.S. at 598. The Ninth Circuit has explicitly recognized that compelling reasons exist for the sealing of "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements. *See In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008).

### III. CLASS CERTIFICATION MOTIONS TO SEAL

Denial of class certification would not constitute the "death knell" of this action. This is not a situation in which the individual plaintiffs have suffered *de minimis* harm.[2] As Ford acknowledges, Plaintiffs allege damages of $5,000,000, in the aggregate, on individual claims. (*See* Doc. No. 44, Plaintiffs' First Amended Consolidated Complaint, ¶ 12.) Given the amount at stake, they would presumably have financial incentive to pursue individual litigation even if they could not do so on behalf of a class. The Court therefore finds the underlying motion for class certification non-dispositive, and documents attached to it must only meet the "good cause" standard to be filed under seal.

#### A. Motion to Seal, Doc. No. 128

Ford filed its Motion to Seal on February 6, 2024 and asks the Court to seal 101 documents attached to Plaintiffs' December 1, 2023 Motion for Class Certification to protect "Ford's confidential business information or trade secrets." (Doc. No. 128.) The documents have been categorizes as regarding (1) Design and Development, (2) Root

---

[2] The Court notes it previously applied the "compelling reasons" standard in ruling on a previous motion to seal in connection with Plaintiffs' motion for class certification. (*See* Doc. No. 132.) However, the Court is persuaded by Ford's argument that because Plaintiffs' allegations do not constitute *de minimis* harm, the "good cause" standard should apply. (*See* Doc. No. 128 at 6–7.) The Court further notes that because Plaintiffs previously failed to comply with the Civil Case Procedures of the Honorable Anthony J. Battaglia, U.S. District Judge, and the law of this Circuit, by failing to support their motion with factual evidence under either standard, the Order denying Plaintiffs' motion to seal without prejudice stands. (*See* Doc. No. 132.)

Cause Analysis and Investigation, (3) Warranty, and (4) Cost and Financial Information. (*Id.* at 4.) Plaintiffs filed a notice non-opposition to the motion. (*See* Doc. No. 133.)

Ford argues that public release of these categories of information would give a competitive advantage to its competitors. First, Ford claims that the "research, development, and analysis described is undertaken at great expense to Ford" and that it "would suffer competitive harm in the marketplace if this information was publicly released." (Doc. No. 128 at 10.) The Court agrees that the details of Ford's design and development are valuable and that Ford could suffer competitive harm if they were publicly revealed. Nevertheless, the Court also finds that some of Ford's sealing requests are not narrowly tailored to this goal. Most notably, Ford has sought to redact any statement by Ford employees acknowledging the existence of the suspension defect. The Court finds that Ford's concerns regarding publicly releasing engineering considerations do not constitute a compelling reason for sealing these statements. The filings in this case are full of Plaintiffs' arguments and suggestions that Ford knew or should have known of the suspension defect. In these circumstances, it is unlikely that similar statements from Ford employees that offer only general opinions would cause competitive harm to Ford. *See Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 7374214, at *3 (N.D. Cal. Dec. 20, 2016).

The Court addresses each specific document in the tables below:

### Design & Development

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Doc. No. 124-11, Exhibit 7; Bates No. 101387 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-13, Exhibit 9; Bates No. 97486 | Minutes from a May 23, 2001, meeting | **Granted**. |
| Doc. No. 124-14, Exhibit 10; Bates No. 103746 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-15, Exhibit 11; Bates No. 98659 | Shimmy data evaluation on the P131 Super Duty model truck | **Granted**. |
| Doc. No. 124-16, Exhibit 12; Bates No. 99432 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-18, Exhibit 14; Bates No. 98850 | Email exchange between Ford employees. | **Granted**. |

| | | |
|---|---|---|
| Doc. No. 124-20, Exhibit 16; Bates No. 99648 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-24, Exhibit 20; Bates No. 107370 | Chart labeled COMPETITIVE TGW DATA | **Granted**. |
| Doc. No. 124-28, Exhibit 26; Bates No. 101756 | Document entitled 2010MY P473 Front Suspension Alternatives | **Granted**. |
| Doc. No. 124-30, Exhibit 28; Bates No. 115773 | PowerPoint presentation entitled P558 Super Duty Super Fueler Impro | **Granted**. |
| Doc. No. 124-32, Exhibit 30; Bates No. 74018 | Email exchange between Ford employees. | **Granted**. |
| Doc. Nos. 124-37, -95, Exhibits 45, 104; Bates No. 62578 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-38, Exhibit 46; Bates No. 67886 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-40, Exhibit 48; Bates No. 66227 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-42, Exhibit 50; Bates No. 66341 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-43, Exhibit 51; Bates No. 69298 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-44, Exhibit 52; Bates No. 69259 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-45, Exhibit 53; Bates No. 44438 | Report entitled P558 Small Angle Steering Disturbances | **Granted**. |
| Doc. No. 124-46, Exhibit 54; Bates No. 44619 | PowerPoint presentation entitled P558 SAWF | **Granted**. |
| Doc. No. 124-47, Exhibit 55; Bates No. 43172 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-48, Exhibit 56; Bates No. 42296 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-49, Exhibit 57; Bates No. 74507 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-50, Exhibit 58; Bates No. 73100 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-51, Exhibit 59; Bates No. 44598 | PowerPoint presentation entitled Comments from Glen | **Granted**. |
| Doc. No. 124-52, Exhibit 60; Bates No. 72645 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-53, Exhibit 61; Bates No. 44702 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-54, Exhibit 62; Bates No. 73214 | Email exchange between Ford employees. | **Granted**. |

| | | |
|---|---|---|
| Doc. No. 124-55, Exhibit 63; Bates No. 74010 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-56, Exhibit 64; Bates No. 50722 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-57, Exhibit 65; Bates No. 74433 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-58, Exhibit 66; Bates No. 44341 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-59, Exhibit 67; Bates No. 44345 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-60, Exhibit 68; Bates No. 45539 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-61, Exhibit 69; Bates No. 45903 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-62, Exhibit 70; Bates No. 50772 | PowerPoint presentation entitled P558 SAWF | **Granted**. |
| Doc. No. 124-63, Exhibit 71; Bates No. 74873 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-64, Exhibit 72; Bates No. 75656 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-65, Exhibit 73; Bates No. 46061 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-66, Exhibit 74; Bates No. 86842 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-68, Exhibit 76; Bates No. 75259 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-69, Exhibit 77; Bates No. 46064 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-70, Exhibit 78; Bates No. 78494 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-71, Exhibit 79; Bates No. 48354 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-72, Exhibit 80; Bates No. 49787 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-73, Exhibit 81; Bates No. 80607 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-74, Exhibit 82; Bates No. 30656 | Chart, entitled 040100 Frt Suspension P558 2017 | **Granted**. |
| Doc. No. 124-75, Exhibit 83; Bates No. 79333 | Email exchange between Ford employees. | **Granted**. |

| | | |
|---|---|---|
| Doc. No. 124-76, Exhibit 84; Bates No. 65923 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-77, Exhibit 85; Bates No. 70110 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-78, Exhibit 86; Bates No. 69841 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-79, Exhibit 87; Bates No. 112393 | PowerPoint presentation entitled Tenneco P558 Steering Damper Revie | **Granted**. |
| Doc. No. 124-80, Exhibit 88; Bates No. 78924 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-90, Exhibit 99; Bates No. 51606 | Report, entitled P558 Steering Oscillation | **Granted**. |

### Root Cause Analysis

| | | |
|---|---|---|
| Doc. No. 124-17, Exhibit 13; Bates No. 98450 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-19, Exhibit 15; Bates No. 100194 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-23, Exhibit 19; Bates No. 105214 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-25, Exhibit 23; Bates No. 53299 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-26, Exhibit 24; Bates No. 95695 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-36, Exhibit 43; Bates No. 111160–4 | PowerPoint presentation, entitled "P558 Sustained Steering Osc | **Granted**. |
| Doc. No. 124-39, Exhibit 47; Bates No. 66364 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-81, Exhibit 89; Bates No. 108882 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-82, Exhibit 90; Bates No. 28174 | Global CCRG Concern Details | **Granted**. |
| Doc. No. 124-83, Exhibit 91; Bates No. 46501–2 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-84, Exhibit 92; Bates No. 86228 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing |

| | | |
|---|---|---|
| | | request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-85, Exhibit 93; Bates No. 55263 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-86, Exhibit 94; Bates No. 46321 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-87, Exhibit 95; Bates No. 111159 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-88, Exhibit 96; Bates No. 87635 | Document, labeled Capital Project Process | **Granted**. |
| Doc. No. 124-89, Exhibit 98; Bates No. 54442 | Ford 6-Panel PowerPoint presentation | **Granted**. |
| Doc. No. 124-91, Exhibit 100; Bates No. 87705 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-92, Exhibit 101; Bates No. 109047 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-94, Exhibit 103; Bates No. 55172 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-96, Exhibit 105; Bates No. 110261 | Document created by Ford entitled "P558 Steering Oscillation | **Granted**. |
| Doc. No. 124-97, Exhibit 106; Bates No. 111055 | Document entitled Issue Title: P558 Steering Oscillation | **Granted**. |
| Doc. No. 124-98, Exhibit 108; Bates No. 29297 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-99, Exhibit 109; Bates No. 46506 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-100, Exhibit 110; Bates No. 94580 | Document entitled 2017-19 Super Duty Steering Oscillation Talking | **Granted**. |
| Doc. No. 124-102, Exhibit 118; Bates No. 55570 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good |

9

19-cv-01082-AJB-AHG

| | | |
|---|---|---|
| | | cause that would justify sealing this document in its entirety. |
| Doc. No. 124-103, Exhibit 119; Bates No. 65722 | Document entitled "Concern Description" | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-105, Exhibit 122; Bates No. 56070 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-106, Exhibit 123; Bates No. 63466–7 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-107, Exhibit 124; Bates No. 112555 | PowerPoint presentation entitled P558 Steering LAWF | **Granted**. |
| Doc. No. 124-109, Exhibit 141; Bates No. 56077 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-110, Exhibit 142; Bates No. 92616 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-111, Exhibit 143; Bates No. 103633 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-112, Exhibit 144; Bates No. 111633 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |

10

19-cv-01082-AJB-AHG

| | | |
|---|---|---|
| Doc. No. 124-114, Exhibit 146; Bates No. 58372 | Excel Datasheet entitled SUPERDUTY KTP PAYNTER 21MY22MY_COMBINED | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-115, Exhibit 147; Bates No. 55846 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-116, Exhibit 148; Bates No. 55870 | Powerpoint presentation entitled "P558/P708 Steering System L | **Granted**. |
| Doc. No. 124-117, Exhibit 149; Bates No. 52787 | Email exchange between Ford employees. | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |
| Doc. No. 124-118, Exhibit 150; Bates No. 65847 | Excerpts of Spreadsheet of warranty claims | **DENIED.** Ford fails to narrowly tailor its sealing request and has identified no competitive harm or other good cause that would justify sealing this document in its entirety. |

### Cost & Financial Information

| | | |
|---|---|---|
| Doc. No. 124-27, Exhibit 25; Bates No. 101864 | Document entitled Variable Cost Estimate Summary | **Granted**. |
| Doc. No. 124-29, Exhibit 27; Bates No. 93885 | PowerPoint presentation entitled P558 SLA Risks, Opportunities | **Granted**. |
| Doc. No. 124-33, Exhibit 31; Bates No. 93881 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-34, Exhibit 41; Bates No. 131435 | Email exchange between Ford employees. | **Granted**. |
| Doc. No. 124-41, Exhibit 49; Bates No. 71919 | Email exchange between Ford employees. | **Granted**. |

### Warranty

| | | |
|---|---|---|
| Doc. No. 124-35, Exhibit 42; Bates No. 63717 | PowerPoint presentation, entitled "F250/350 4x4 Warranty Analy | **Granted**. |
| Doc. No. 124-93, Exhibit 102; Bates No. 87590 | Email exchange between Ford employees. | **Granted**. |
| Doc. Nos. 124-101, 104, Exhibits 112, 121; Bates Nos. 55174, 54848 | PowerPoint presentation entitled Chassis Issue: Steering Wheel Os | **Granted**. |

B.     **Motion to Seal, Doc. No. 134**

Ford filed its second Motion to Seal on February 22, 2024 and asks the Court to seal one document in full, attached as Exhibit D7 to the Declaration of Victoria C. Hargis in support of Ford's Opposition to Plaintiffs' motion for class certification, and to partially seal discrete portions of three other documents also filed with Ford's opposition, which quote directly from the information in Exhibit D7. (Doc. No. 134 at 4.) Specifically, Ford seeks to seal various excerpts containing response data from a New Vehicle Customer Survey ("NVCS") conducted by a third-party vendor. (*Id.*) Ford argues these documents reflect and contain Ford's confidential business information or trade secrets, and would cause substantial competitive harm to Ford if publicly released. (*Id.* at 4–5.) Plaintiffs have not filed an opposition to the motion.

Exhibit D7 and the three documents which quote in part from Exhibit D7 contain information from a survey performed by a third-party vendor which "allow[s] automotive manufacturers to gain current and comprehensive data on automotive buying trends and the reasons for purchase, satisfaction, consideration, conquest and loyalty, usage and buyer profiling." (Declaration of William Neafsey, Doc. No. 134-1, ¶ 8.) Ford does not own this data and receives the data pursuant to a license, which Ford pays for. (*Id.* ¶ 9.) The Court finds good cause exists for sealing these documents because they codify proprietary business information and trade secrets that could harm Ford's competitive standing. Thus, Ford's motion to seal in full Exhibit D7 and seal in part (1) Ford's Opposition to Plaintiffs' Motion for Class Certification; (2) Ford's Motion to Exclude Plaintiffs' Expert Edward Stockton; and (3) the Report of Kristin Lennox in Support of Ford's Opposition is **GRANTED**.

IV.   **SUMMARY JUDGMENT MOTION TO SEAL**

Next, Plaintiffs move to seal its Opposition to Ford's Motion for Summary Judgment, which references information designated by Ford as containing confidential and proprietary information. (Doc. No. 138.) Ford has not filed an opposition to the motion.

///

1       A party must demonstrate "compelling reasons," supported by "specific factual findings" to seal a document in connection with a dispositive motion. *Foltz*, 331 F.3d at 1135; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A "good cause" showing will not, without more, satisfy a "compelling reasons" test. *Kamakana*, 447 F.3d at 1180. In ruling on a motion to seal in connection with a dispositive motion, "[t]he court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret . . . and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* 1127 (quoting *Foltz*, 331 F.3d at 1135, and *Hagestad*, 49 F.3d at 1434).

      Plaintiffs' motion does not comply with the Civil Case Procedures of the Honorable Anthony J. Battaglia, U.S. District Judge, nor the law of this Circuit, which require the party moving for a sealing order to make a particularized showing of compelling reasons—*supported by factual evidence*—that outweigh the strong presumption of access. *See Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020); J. Battaglia Civ. Case Proc. § IV.3. Plaintiffs solely rely on reference to the stipulated protective order, which does not supply a legal basis to curtail the public's access to judicial records. *See In re Ferrero Litig.*, No. 11-CV-205 H(CAB), 2011 WL 3360443, at *2 (S.D. Cal. Aug. 3, 2011) (holding that a protective order itself does not satisfy the standard required of a sealing order). Plaintiffs also fail to identify a specific harm that would be caused by the public disclosure of these documents. As such, Plaintiffs' motion to seal is **DENIED**.

///
///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART WITHOUT PREJUDICE** the motions to seal. (Doc. Nos. 128, 134, 138.) If the parties wish to provide supplemental briefing regarding any exhibits for which sealing is denied without prejudice, they must do so by **April 1, 2024**. The parties may either provide additional facts to support their request to seal exhibits in their entirety or propose targeted redactions. If the parties do not file supplemental briefing by this date, the Court shall instruct the Clerk to docket the exhibits in accordance with this Order. The exhibits will remain lodged under seal in the interim.

**IT IS SO ORDERED.**

Dated: March 17, 2024

Hon. Anthony J. Battaglia
United States District Judge