UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LESSIN, CAROL SMALLEY, et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: 19-cv-1082-AJB-AHG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND STAYING ACTION PENDING RESOLUTION OF INTERLOCUTORY APPEAL**<br><br>**(Doc. No. 216)** |

Before the Court is Plaintiffs' Motion for Leave to Amend the First Amended Consolidated Class Action Complaint ("FACC"). (Doc. No. 261.) Plaintiffs seek leave to name Plaintiff David Huffstetler, the current representative of the certified South Carolina class, as the representative of the Maine class. (Doc. No. 216.) Plaintiffs propose no other substantive changes to the complaint. (*See* Doc. Nos. 216; 216-1.) Defendant Ford Motor Company ("Ford") opposed the motion (Doc. No. 223), Plaintiffs replied (Doc. No. 226), and Ford subsequently objected to Plaintiffs' reply arguing that Plaintiffs impermissibly raise new arguments on reply. (Doc. No. 227). For the reasons set forth below, the Court **DENIES** Plaintiffs' motion without prejudice.

1

## I. BACKGROUND

The underlying facts of this case have been recited in previous orders. (*See, e.g.*, Doc. No. 202.) In brief, Plaintiffs William Lessin, Carol Smalley, Patrick and Sheri Powers, Lloyd Atterson, Brad Nielsen, David Appel, John Kigin, Susanne Hamilton, Steve Selgado, Roger Saddler, Caroline McGee, and David Huffstetler (collectively, "Plaintiffs") filed suit against Ford for alleged latent defects in four generations of Ford F-250 and F-350 trucks ("Class Vehicles"). (Doc. Nos. 44 at 7; 120-1 at 11.)[1]

Plaintiffs allege the Class Vehicles suffer from one or more defects in their suspension and steering linkage systems, including, but not limited to, abnormal wearing and/or loosening of the track bar bushing, steering damper, the ball joints, control arms, shock absorbers, and/or struts (the "Suspension Defect"). (Doc. No. 44 ¶ 155.) The Suspension Defect may result in severe shaking and oscillation of the steering wheel, which Plaintiffs refer to as the "Death Wobble" or "Shimmy." (*Id.* ¶ 3.) Plaintiffs assert the Shimmy "often causes drivers to lose control of the Class Vehicles and causes difficulty steering during their operation and under normal driving conditions or speeds[,]" exposing drivers and others sharing the road with them to increased risk of accident, injury, or death. (*Id.*) As alleged in the FACC, Plaintiffs allege claims on behalf of the following classes: (1) a Nationwide Class, (2) California Class, (3) Arizona Class, (4) Colorado Class, (5) Illinois Class, (6) Indiana Class, (7) Maine Class, (8) New Mexico Class, (9) Ohio Class, (10) South Carolina Class, and (11) Texas Class.

On December 1, 2023, Plaintiffs filed a motion for class certification. (Doc. No. 120.) That same day, Ford filed a motion for summary judgment. (Doc. No. 122.) Both motions were fully briefed. (*See* Doc. Nos. 136; 141; 154; 157.) On November 7, 2024, the Court issued an order granting in part and denying in part both Ford's motion for summary judgment and Plaintiffs' motion for class certification (the "November 7 Order"). (Doc. No. 202.) Relevant to the instant motion, Plaintiffs breach of implied warranty claims under

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

South Carolina and Maine law survived summary judgment. (*Id.* at 70–73.) Additionally, the November 7 Order certified the South Carolina class and found that Plaintiff Huffstetler met the requirements to be the class representative. (*Id.* at 11–13.) However, the Court found that the proposed representative for the Maine class was atypical and did "not fit the requirements of the class definition." (*Id.* at 48.) The Court stated that if Plaintiffs so chose, the Court would grant Plaintiffs leave to substitute another class representative for the Maine class. (*Id.*) The instant motion to amend follows.

## II.     LEAVE TO AMEND

### A.     Legal Standard

Federal Rule of Civil Procedure 15(a), which governs requests for leave to amend pleadings, provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Leave to amend should be granted with "extreme liberality" in order "to facilitate decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, the burden of persuading the Court that leave should not be granted rests with the non-moving party. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186–87 (9th Cir. 1987).

When a pretrial scheduling order has been issued and the deadline for amending the pleadings has passed, resolution of a motion to amend is further governed by Rule 16 of the Federal Rules of Civil Procedure. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. Proc. 16(b)(4). In interpreting the "good cause" requirement under Rule 16(b), the Court considers, primarily, "the diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is

upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted).[2]

### B.   Discussion

Plaintiffs seek leave to amend their complaint to substitute Plaintiff David Huffstetler, the current representative of the certified South Carolina class, as the representative of the Maine class. (Doc. No. 216.) Plaintiffs contend that Huffstetler, a South Carolina resident who has no connection with Maine, may represent the Maine class under the Second Circuit's holding in *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88 (2d Cir. 2018). Ford opposes Plaintiffs' motion for leave to amend arguing that amendment would be futile because Huffstetler cannot serve as a class representative for the Maine class. (Doc. No. 223 at 13.) Ford contends that because Huffstetler is not a member of the Maine class, he cannot serve as Maine's class representative. (*Id.*) The Court agrees.

The Supreme Court has identified several factors, known as the *Foman* factors, which district courts should consider when deciding whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay or dilatory motive on the part of the movant; (3) repeated failure on the part of the movant to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Eminence Cap.*, 316 F.3d at 1052 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). The Ninth circuit has held that the consideration of prejudice to the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052 ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."). However, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice,

---

[2] Because the November 7 Order provides that the Court would grant Plaintiffs leave to substitute another class representative for the Maine class, the Court finds good cause exists under Rule 16. Accordingly, the Court's analysis will focus on Rule 15.

or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis in original).

"Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal." *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738, 739 (S.D. Cal. Oct. 1, 2020). Generally, courts do not consider the validity of a proposed amended pleading when deciding whether to grant leave to amend, instead deferring consideration of challenges to the merits until after leave to amend is granted and the amended pleadings are filed. *LifeVoxel Va. SPV, LLC v. LifeVoxel.AI, Inc.*, No. 22-cv-01917-GPC, 2023 WL 3729397, at *4 (S.D. Cal. May 30, 2023). However, "leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). Proposed amendments are futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

Here, Ford does not argue, and the Court does not find, that Plaintiffs are seeking amendment in bad fad faith or that the proposed amendment would cause undue delay. *See AmericSourceBergen Corp v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment" (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."). Neither does the Court find that Ford would be unduly prejudiced if Plaintiffs were granted leave to amend. *Id.* However, the Court agrees with Ford that granting Plaintiff leave to amend the complaint to name Huffstetler as the Maine class representative would be futile—Huffstetler is not a member of the class and therefore cannot serve as its representative. (*See* Doc. No. 223 at 13–16.)

Under Supreme Court and Ninth Circuit precedent "a class representative must be part of the class." *E.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011)

(quoting *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403 (1977)). Huffstetler is a South Carolina resident who purchased his Ford vehicle in South Carolina. (Doc. Nos. 44 ¶ 141; 216-1 ¶ 100 ("David Huffstetler is a resident of Lexington, South Carolina."); Doc. Nos. 44 ¶ 142; 216-1 ¶ 101 (Huffstetler purchased his vehicle "from Palmetto Ford in Charleston, South Carolina.")). Plaintiffs define the Maine class as "All persons who purchased or leased a Class Vehicle from an authorized Ford dealership within the State of Maine primarily for personal, family, or household purposes." (Doc. No. 120 at 3–4.) As such, Huffstetler is not a member of the proposed Maine class and therefore under Rule 23 cannot serve as the class representative. *See* Fed. R. Civ. Proc. 23(a); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that a class representative must be part of the class"); *E. Tex. Motor*, 431 U.S. at 403 ("As this Court has repeatedly held, a class representative must be part of the class"); *Dukes*, 564 U.S. at 348–49 ("a class representative must be part of the class"); *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) ("A named plaintiff must be a member of the class she seeks to represent").

Plaintiffs argue that Huffstetler, despite the fact that he is not a member of the Maine class, may serve as the class representative under the Second Circuit's holding in *Langan*, 897 F.3d 88. *Langan* does not support such a proposition.

The problem with Plaintiffs' argument is that it conflates the issue of whether Huffstetler has standing to represent class members whose claims arise under a different state's laws with his ability to serve as class representative of a class in which he is not a member.

*Langan*, which involved whether unfair trade practice claims arising under the laws of twenty states could be properly asserted in a class action by a single plaintiff from one of those states, recognized that "[a]t some point . . . a named plaintiff's claims can be so different from the claims of his putative class members that they present an issue not of the prudence of certifying a class under Rule 23 but of constitutional standing." *Langan*, 897 F.3d at 94. *Langan* applied that principle solely to the question before it, i.e., "whether

there is a standing problem when a plaintiff attempts to sue on behalf of those who may have claims under different states' laws that generally prohibit the same conduct." *Id.* at 95. The court ultimately concluded that there was not, stating that "whether a plaintiff can bring a class action under the state laws of multiple states is a question of predominance under Rule 23(b)(3), not a question of standing under Article III." *Id.* at 96.

Here, the issue is much more straight forward—whether Huffstetler can represent a class of which he is not a part. The Supreme Court and Ninth Circuit have made clear that he may not. *See E. Tex. Motor*, 431 U.S. at 403; *Dukes*, 564 U.S. at 348–49; *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018). This is also consistent with the language of Rule 23(a) which states that "*[o]ne or more members of a class* may sue or be sued as representative parties on behalf of all members. . . .") Fed. R. Civ. Proc. 23(a) (emphasis added). Because Huffstetler is not a member of the Maine class as it is currently defined, he may not serve as its representative. Accordingly, the Court finds it would be futile for Plaintiffs to amend the complaint to name Huffstetler as the Maine representative. Plaintiffs' Motion for Leave to Amend is **DENIED WITHOUT PREJUDICE**. (Doc. No. 216.)

### III. STAY PENDING INTERLOCUTORY APPEAL

On January 29, 2025, Ford filed a petition for permission to appeal the Court's November 7 Order pursuant to Federal Rule of Civil Procedure 23(f). (Doc. Nos. 213; 213-1.) Ford argues, *inter alia*, that the Court erred in finding that common issues predominated over Plaintiffs' implied warranty claims—i.e. claims related to both the South Carolina and Maine classes. (*Id.*) On April 1, 2025, the Ninth Circuit Court of Appeals granted Ford's permission to appeal. (Doc. No. 219.) Oral argument is currently scheduled for December 8, 2025. *Lessin, et al. v. Ford Motor Company*, No. 25-2211 (9th Cir. Sept. 30, 2025), Doc. No. 37.

Although the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for

litigants." *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (quoting *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972). A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (The district court possesses "inherent authority to stay federal proceedings pursuant to its docket management powers."). The decision to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

The Ninth Circuit has recognized "three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law. *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (internal quotation omitted).

Here, the factors weigh in favor of staying this matter until the interlocutory appeal is resolved. The resolution of the interlocutory appeal will alter the direction of the current proceedings. First, Ford seeks to vacate the Court's order granting class certification in its entirety. *Lessin, et al. v. Ford Motor Company*, No. 25-2211 (9th Cir. June 16, 2025), Doc. No. 14.1 at 66. Second, and more specifically related to the instant order, if the Ninth Circuit determines that class members' implied warranty claims depend on individualized evidence, the need to find a Maine representative will be moot. Moreover, the Court finds that the parties will not suffer any damage or hardship by a stay. Discovery is closed and the motion cut-off date has passed. Ostensibly, this matter is ready for trial. Accordingly, to preserve judicial and party resources the Court **STAYS** this matter until the interlocutory appeal is resolved.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Leave to Amend. (Doc. No. 216.) The Court **STAYS** this matter pending the resolution of the interlocutory appeal. All further deadlines and hearing dates are vacated. The parties are ordered to notify the Court within 10 days of receipt of a decision from the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated: October 10, 2025

Hon. Anthony J. Battaglia
United States District Judge