UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LESSIN, CAROL SMALLEY, et al., on behalf of themselves and others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; and Does 1 through 10, inclusive,<br><br>                                    Defendant. | Case No.: 19-cv-01082-AJB-AHG<br><br>**ORDER FOLLOWING STATUS CONFERENCE** |

On February 11, 2026, the Ninth Circuit issued a memorandum disposition in this matter affirming in part and reversing and remanding in part this Court's class certification order. (Doc. No. 242.) On April 23, 2026, the Court held an Appeal Mandate and Status Hearing (the "Status Hearing") with the parties. (Doc. No. 241.) At the Status Hearing, the Court discussed several distinct issues with the partes. This Order follows.

## I.     BRIEF BACKGROUND

Plaintiffs initiated this class action lawsuit on June 10, 2019, alleging latent defects—specifically, an "insufficient damping system" that causes steering oscillation

(the "Shimmy")—in Ford F-250 and F-350 "Super Duty" trucks across four design platforms:

- P131 – Model Year ("MY") 2005–2007;
- P356 – MY 2008–2010;
- P473 – MY 2011–2016; and
- P558 – MY 2017–2019

The Court previously certified multiple state law classes for individuals who purchased or leased Class Vehicles primarily for personal, family, or household purposes from authorized Ford dealerships. (Doc. No. 202.) As it relates to the Maine subclass, the Court found that Named Plaintiff Hamilton used her Vehicle predominantly for business purposes and thus did not meet the requirements of the class definition. (*Id.* at 48.) However, the Court found this does not defeat certification of the Maine subclass. (*Id.*) The Court granted Plaintiffs leave to substitute another class representative for the Maine class.[1] (*Id.*)

The Ninth Circuit affirmed certification as to express warranty claims and the personal-use predominance ruling. It reversed and remanded on four issues. The Court and the parties agree those issues require further analysis and supplemental briefing. The Court outlines those issues, in Part IV, below.

## II.   DISCOVERY

At the Status Hearing, the Court inquired as to whether Plaintiffs would need additional fact discovery prior to providing supplemental briefing on the class certification issues. Plaintiffs request limited additional fact discovery. Ford counters that fact discovery is closed and opposes reopening discovery. Having taken the matter under consideration,

---

[1] On October 10, 2025, the Court denied Plaintiffs' Motion to Leave to Amend. (Doc. No. 232.) Plaintiffs sought leave to name Plaintiff David Huffstetler, the current representative of the certified South Carolina class, as the representative of the Maine class. (Doc. No. 216.) The Court denied the request without prejudice finding amendment would be futile because Plaintiff Huffstetler was not a member of the Maine class. (Doc. No. 232.) The subsequently stayed the case pending resolution of the interlocutory appeal. (*Id.*)

19-cv-01082-AJB-AHG

the Court finds Plaintiffs had ample opportunity to engage in discovery and have not presented cause to reopen discovery at this point. The Court **DENIES** the request to reopen discovery.[2]

## III.   LEAVE TO AMEND

The next issue addressed at the Status Hearing relates to allowing Plaintiffs' leave to amend to name a representative for the Maine Class. Ford opposes allowing Plaintiffs the opportunity to amend to name a Maine representative. Because the Court previously said it would allow Plaintiffs' the opportunity to amend their complaint to name a Maine representative (*see* Doc. No. 202), and because the case has been stayed since the Court denied without prejudice Plaintiffs' last request to amend (*see* Doc. No. 232), the Court finds it appropriate to allow Plaintiffs the opportunity to move for leave to amend to name a Maine representative.

Accordingly, the Court **ORDERS** Plaintiffs to file a motion for leave to amend by no later than **May 26, 2026**. The motion must be limited to adding a named plaintiff(s) for the Maine class—no other amendments will be considered. Plaintiffs must adhere to the undersigned's Civil Case Procedures prior to filing any noticed motion. *See* J. Battaglia Civ. Case Proc. § III. The Court will set a briefing schedule if a motion for leave to amend is filed. If no motion is filed, the Court will dismiss the Maine class implied warranty claims without prejudice.

## IV.   ISSUES TO BE ADDRESSED IN SUPPLEMENTAL BRIEFS

Upon resolution of the amendment issue, the Court will issue a supplemental briefing schedule. As discussed at the Status Hearing, the four issues to be addressed in the supplemental briefs are as follows:

///

///

---

[2]  The Court recognizes the Plaintiffs did not specifically ask to reopen discovery and the issue was raised *sua sponte* by the Court at the Status Hearing.

19-cv-01082-AJB-AHG

**A.    Issue 1: Shimmy Manifestation Evidence and the Predominance Inquiry (All Classes)**

The Ninth Circuit held that this Court misread *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010), by treating manifestation evidence as irrelevant to class certification where the alleged injury is a design defect present at the point of sale. The panel clarified that *Wolin* did not foreclose consideration of variable manifestation rates across platforms; rather, *Wolin* found manifestation evidence non-dispositive only because a single platform and limited model years were at issue.

The parties must address whether variable shimmy manifestation rates across platforms are fatal to certification of the putative classes under the Rule 23(b)(3) predominance standard.

**B.    Issue 2: Shimmy Manifestation Evidence and Implied Warranty Claims (South Carolina and Maine Classes)**

The Ninth Circuit directed the Court to examine the certified South Carolina implied warranty class and the contingent Maine implied warranty class (the Maine class being contingent on substitution of a new named plaintiff following summary judgment). The partes must address whether the shimmy manifestation evidence affects the merchantability of the putative Class Vehicles under applicable state law—and if so, whether that undermines predominance.

**C.    Issue 3: Shimmy Manifestation Evidence and Fraud-Based Claims – Materiality (California, Colorado, Illinois, and New Mexico Classes)**

The Ninth Circuit reversed the certification order with respect to fraud-based claims and directed this Court to evaluate predominance for the California, Colorado, Illinois, and New Mexico fraud-based classes. The parties must address whether the shimmy manifestation evidence impacts whether the alleged defect constitutes a "material fact" that Ford had a duty to disclose. The parties must address *DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1235 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1051 (2025), which held that materiality can be an objective, class-wide inquiry where the question is the same for every

19-cv-01082-AJB-AHG

class member—but noted that whether the alleged defect's materiality varies across Class Vehicles is relevant when considering whether common questions predominate.

### D.    Issue 4: Ford's Pre-Sale Knowledge and the Fraud-Based Claims (P131 and P558 Classes)

The Ninth Circuit held that the Court erred in determining that generalized proof could demonstrate Ford's pre-sale knowledge of the alleged defect across all Class Vehicles. The panel noted that evidence that post-dates the P131 platform (MY 2005–2007) but pre-dates the P558 platform (MY 2017–2019) could only establish Ford's knowledge with respect to the P558. Such evidence cannot serve as class-wide proof of Ford's knowledge that the P131 was defective. Accordingly, grouping P131 and P558 vehicles within the same class for fraud-based claims may be improper unless Ford had pre-P131 knowledge of the defect. The parties must address whether the fraud-based claims can proceed as subclasses. The parties must also address whether Plaintiffs can demonstrate presale knowledge as to both the P131 and P558 vehicles.

## V.    CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1.    Plaintiffs' request to reopen discovery is **DENIED**;

2.    Plaintiffs must move for leave to amend their complaint to name a Maine representative by no later than **May 26, 2026**. Failure to file a motion for leave to amend will result in the Maine implied warranty claims being dismissed without prejudice.    The Court will issue a supplemental briefing schedule at a later date.

**IT IS SO ORDERED.**

Dated:  April 23, 2026

Hon. Anthony J. Battaglia
United States District Judge