UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LESSIN, CAROL SMALLEY, et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; and Does 1 through 10, inclusive,<br><br>Defendant. | Case No.: 19-cv-01082-AJB-AHG<br><br>**ORDER REGARDING MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**(Doc. Nos. 252, 255, 262)** |

Before the Court are Plaintiffs' motions to seal (Doc. Nos. 252 and 262) and Defendant's motion to seal (Doc. No. 255.) The Court has reviewed each party's motion to seal, the lodged materials, and corresponding publicly filed documents. For the reasons set forth below, the Court **GRANTS** as to Document Number 255, **DENIES without prejudice** as to Document Number 252, and **GRANTS in part and DENIES in part without prejudice** as to Document Number 262.

## I. BACKGROUND

Plaintiffs William Lessin, Carol Smalley, Patrick and Sheri Powers, Lloyd Atterson, Brad Nielsen, David Appel, John Kigin, Susanne Hamilton, Steve Selgado, Roger Saddler, Caroline McGee, and David Huffstetler (collectively, "Plaintiffs") bring this class action lawsuit against Defendant Ford Motor ("Defendant" or "Ford") for alleged latent defects in Ford F-250 and F-350 trucks across four generations: the P131 (Model Year ("MY") 2005–2007), the P356 (MY 2008–2010), the P473 (MY 2011–2016), and the P558 (MY 2017–2019) (*See generally* Doc. No. 44.) Plaintiffs moved for class certification on December 1, 2023. (Doc. No. 120.) On November 7, 2024, the Court granted the motion in part and denied it in part. (Doc. No. 202.) Defendant appealed the Court's class certification ruling. *Lessin v. Ford Motor Company*, Brief for Appellant, No. 25-2211 (9th Cir. June 16, 2025). Following remand, the parties completed supplemental briefing on class certification. The pending sealing motions concern documents submitted with that briefing.

## II. LEGAL STANDARD[1]

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, the party seeking to

[1] As the instant motions relate to sealing filings in support of and in opposition to a motion for class certification, the compelling reasons standard—rather than the good cause exception—applies. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). As such, the Court will only address the applicable compelling reasons standard.

seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotation marks omitted). In balancing the competing interests of the public and the party who seeks to keep secret judicial records, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Compelling reasons also may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) ("Where parties have been able to point to concrete factual information or expert testimony that the material sought to be sealed contained confidential business material, such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data, courts have been willing to find that information confidential.") (collecting cases).

## III. DISCUSSION

### A. Defendant's Motion to Seal (Doc. No. 255)

On July 24, 2026, Defendant moved to seal five lines of the deposition of Ford employee Dr. Michael Frankstein, PhD, attached as Exhibit 2 to the Declaration of Mark I. Richards in Support of Plaintiffs' Supplemental Brief in Support of Class Certification (Doc. No. 251-4) ("Frankstein Deposition.") (Doc. No. 255.)

Defendant argues that Dr. Frankstein's deposition describes a confidential, proprietary feature of a risk assessment model developed by two Ford scientists, Dr. Vasiliy Krivtsov and Dr. Frankstein, using highly proprietary thought processes and knowledge of Ford systems and data. (Doc. No. 255 at 7.) Defendant further argues that public disclosure would allow competitors to reverse engineer the model or develop similar methodologies without incurring comparable development costs, thereby eroding Ford's competitive advantage arising from the feature's accuracy, scientific significance, and uniqueness in warranty analysis. (*Id.* 7–8.)

The Court finds that Defendant's sealing request is narrowly tailored to only five lines of deposition testimony, and that Defendant has sufficiently explained how public disclosure of its internal policies and processes could harm its competitive standing. *See Nixon*, 435 U.S. at 598; *see e.g.*, *Cohen*, 2016 WL 3036302, at *5 ("Where parties have been able to point to concrete factual information or expert testimony that the material sought to be sealed contained confidential business material, such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data, courts have been willing to find that information confidential.") (collecting cases).

Based on the foregoing, the Court **GRANTS** Defendant's motion to seal page 30 lines 13 through 17 of Document Number 251-4. (Doc. No. 255.) Accordingly, Plaintiffs are directed to refile Document Number 251-4 on the public docket with only those redactions authorized by the instant Order.

**B. Plaintiffs' Motion to Seal (Doc. No. 252)**

On July 17, 2026, Plaintiffs moved to provisionally seal the unredacted version of Exhibit 2 to the Declaration of Mark I. Richards in Support of Plaintiffs' Supplemental Brief in Support of Class Certification, pending Defendant's response and the Court's determination of whether Defendant's basis for sealing was warranted. (Doc. No. 252 at 2.)

The Court **DENIES without prejudice** Plaintiffs' motion to provisionally seal Exhibit 2 (Doc. No. 251-4.) (Doc. No. 252.) Plaintiffs' motion fails to make a particularized

showing of compelling reasons—supported by factual evidence—that outweigh the strong presumption of access. *See Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020). Additionally, because the Court granted Defendant's motion (Doc. No. 255), the materials remain protected to the extent Defendant sought to seal them and demonstrated compelling reasons for doing so. *See surpa* III. A.

**C. Plaintiffs' Motion to Seal (Doc. No. 262)**

On September 25, 2026, Plaintiffs moved to provisionally file under seal an unredacted version of their Supplemental Reply in Support of Class Certification ("Plaintiffs' Supplemental Reply") and Exhibits 2, 3, 5, and 7–10 thereto, pending Ford's response and the Court's ruling on the adequacy of Ford's asserted grounds for sealing. (Doc. No. 262.) As the designating party, Defendant filed a response supporting Plaintiffs' motion but narrowing the sealing request to portions of Plaintiffs' Supplemental Reply, portions of Exhibits 2 and 5, and the entirety of Exhibit 10 to the Declaration of Mark Richards (ECF No. 264-1). Defendant details these requests in Section II of its response. (Doc. No. 266 § II.)

Defendant groups the requested materials into two categories: (1) design and development[2] and (2) root cause analysis and investigation.[3] Defendant first argues that the design and development documents contain confidential and trade secret information about the design, development, and testing of its 2005–2019 Super Duty trucks. (Doc. No. 266 at 8–9; Doc. No. 266-1 Declaration of Kevin Payne ("Payne Decl.") ¶¶ 11–12.) Defendant explains that these documents and related communications are confidential and a trade secret to Ford because they reveal the highly proprietary thought processes and problem-solving processes of Ford's engineers, and if disclosed would cause competitive harm by allowing competitors to benefit from its substantial research and development investment

---

[2] The two Design and Development Documents are FORD_LESSIN_000101387-000101388 and Exhibit 2 (Deposition of Matthew List).

[3] The three Root Cause Analysis Documents are Exhibit 5 (Deposition of David Ott), Exhibit 10 (FORD_LESSIN_000054270), and FORD_LESSIN 000062578.

without incurring comparable costs. (*Id.*) Defendant then argues that the root cause analysis documents contain trade secrets revealing its engineers' proprietary analyses of potential vehicle system failures and corrective measures. (Doc. No. 266 at 10; Payne Decl. ¶¶ 14–17.) According to Ford, disclosure would cause competitive harm by allowing competitors to use those analyses to improve their own vehicles without incurring comparable research and development costs. (*Id.*; Payne Decl. ¶ 18.)

The Court finds that Defendant has narrowly tailored its requests and provided sufficient explanations for how making public the design, development, and root analysis documents may harm its competitive standing. *See Nixon*, 435 U.S. at 598; *see also Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BAS-AGS, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (finding compelling reasons to seal "confidential financial and pricing information"); *San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (finding compelling reasons to seal "internal profit, loss, and expense data"); *Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB-DHB, 2014 WL 690410, at *4 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal where disclosure "may result in improper use by competitors who may circumvent expending their own resources in obtaining the information"); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-01305-BAS-DDL, 2024 WL 1269474, at *2 (S.D. Cal. Mar. 25, 2024) (finding compelling reasons supported sealing "sensitive and private financial information").

The Court concludes that, as the designating party, Defendant's response in support of Plaintiffs' motion demonstrates compelling reasons to seal the portions of Plaintiffs' Supplemental Reply, portions of Exhibits 2 and 5, and the entirety of Exhibit 10 to the Declaration of Mark Richards (Doc No. 264-1.) (*See* Doc. No. 266 § II.) Accordingly, the Court **GRANTS in part** and **DENIES in part without prejudice** Plaintiffs' motion to seal. (Doc. No. 262.) The Court **GRANTS** sealing in accordance with Ford's proposed sealing, as detailed in Section II (Doc. No. 266), and **DENIES** Plaintiffs' motion to

provisionally seal Ex. Nos. 3, 7–9 of Document Number 264-1. (Doc. No. 262.) The Court **ORDERS**:

1. Plaintiffs are to remove all unapproved redactions from Plaintiffs' Supplemental Reply Brief (Doc No. 264) and refile it on the public docket with only those redactions authorized by this Order.

2. Plaintiffs are to remove all unapproved redactions from Ex. Nos. 2 (Doc. No. 264-3) and 5 (Doc. No. 264-6) and refile them on the public docket with only those redactions authorized by this Order.

3. Plaintiffs are to remove the "Filed Under Seal" cover slip and publicly file Ex. Nos. 3 (Doc. No. 264-4), 7 (Doc No. 264-8), 8 (Doc No. 264-9) and 9 (Doc No. 264-10) in compliance with this Order.

## IV. CONCLUSION

For the foregoing reasons:

1. The Court **GRANTS** Document Number 255.

2. The Court **DENIES without prejudice** Document Number 252.

3. The Court **GRANTS in part and DENIES in part without prejudice** Document Number 262.

4. Any renewed motion to file under seal information for which sealing was denied in the instant Order must be filed no later than **November 13, 2026**. Any such motion must be narrowly tailored and include sufficient explanation and case law to demonstrate a compelling reason to seal each piece of information the parties seek to seal. If neither party timely files a renewed motion, then Plaintiffs **must REFILE** a public version of each document with the appropriate redactions authorized by this Order **no later than November 20, 2026.**

**IT IS SO ORDERED.**

Dated: November 6, 2026

Hon. Anthony J. Battaglia
United States District Judge